UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
                  :
WILLIE JONES,                  :

              Petitioner,      :

  -against-                 :

BRIAN FISCHER, Superintendent ,    :

             Respondent.    :
                  :
--------------------------------------------------------------------- X



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 06 2006 ★

BROOKLYN OFFICE

05 CV 24 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

Petitioner pro se, Willie Jones ("petitioner"), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 27, 2004, claiming that (1) he was denied his right to effective assistance of trial counsel–because (a) counsel failed to move for removal to Family Court because petitioner was 15 years old when the crimes were committed; (b) counsel's performance was deficient; (c) counsel failed to pursue a defense of lack of responsibility; and (d) counsel failed to argue that consecutive sentences were illegal–and that (2) he was denied his right to an effective summation. For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.

## BACKGROUND

Following a jury trial, petitioner was convicted of one count of second-degree murder (felony murder) and one count of first-degree robbery for his participation in the robbery of Jerrel Boyce and the robbery and death of David Jappa. On June 12, 2001, petitioner was sentenced as a juvenile offender to consecutive terms of nine years to life on the murder count and three-and-

1

a-third years to ten years on the robbery count. See N.Y. Penal Law §§ 10.00(18)(2); 70.05.

Petitioner appealed to the Appellate Division, which affirmed the conviction by order dated October 20, 2003. People v. Jones, 766 N.Y.S.2d 87 (2d Dep't 2003). Petitioner argued on appeal that the trial court had deprived him of his state and federal constitutional rights by precluding his counsel from arguing in summation that the murder of Jappa was independent of the robbery. Petitioner argued that the court's ruling "violated [his] fundamental rights to present a summation, to effective assistance of counsel, to have a jury determine his guilt, and to due process and a fair trial." (Appellant Br. 8.) The Appellate Division stated that "the trial court did not prospectively preclude the defense counsel from arguing on summation that the victim was killed for reasons unrelated to the robbery." Jones, 766 N.Y.S.2d 87. The court stated that "[a]lthough this theory did not derive from the evidence adduced at trial, the defense counsel, in fact, argued it anyway." Id. (citation omitted). On November 24, 2003, petitioner sought leave to appeal to the Court of Appeals, repeating his effective summation argument. The Court of Appeals, by order dated December 30, 2003, denied petitioner's application. People v. Jones, 1 N.Y.3d 574 (2003).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 27, 2004. In response to petitioner's request, by order dated May 13, 2005, this court stayed the petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), so that petitioner could exhaust his ineffective assistance of counsel claims in state court by way of a Section 440 motion.

Petitioner filed a Section 440 motion in the Supreme Court, Kings County, on May 28, 2005. Petitioner argued that his conviction should be vacated because his trial counsel had been

2

ineffective for failing to move the court to transfer the case to Family Court since petitioner was 15 years old, (Aff. in Supp. of Mot. ¶¶ 15, 17), and for failing to prepare adequately for trial (Aff. in Supp. of Mot. ¶¶ 16, 18, 20, 21). By decision and order dated November 22, 2005, the court denied petitioner's motion, finding that his failure to raise this claim on direct appeal necessitated denial pursuant to N.Y. Crim. Proc. Law § 440.10[2][c]. The court went on to state that "even if the court considers the defendant's claim, it is without merit" because petitioner failed to show that a motion for removal to Family Court would have been successful–noting that the district attorney's consent would have been required under N.Y. Crim. Proc. Law § 210.43[1][b]–and because petitioner "failed to show the absence of a tactical or other legitimate explanation for the alleged errors of counsel." Thereafter, petitioner sought leave to appeal to the Appellate Division, which was denied by order dated March 7, 2006. By order dated April 25, 2006, this court lifted the stay.

## DISCUSSION

### I.    AEDPA Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[C]learly established Federal law, as determined by the Supreme Court of the United States" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court ... should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409. In determining whether an application was objectively unreasonable, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. Interpreting Williams, the Second Circuit has added that although "[s]ome increment of incorrectness beyond error is required ... the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55

4

(2d Cir. 2001)). For the purposes of AEDPA, a state court "adjudicates" a petitioner's federal

constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and

(2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

When a state court does so, a federal habeas court must defer in the manner prescribed by

AEDPA to the state court's decision on the federal claim, even if the state court does not

explicitly refer to either the federal claim or relevant federal case law. Id. To determine whether

a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts

have done in similar cases; (2) whether the history of the case suggests that the state court was

aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's

opinion suggests reliance upon procedural grounds rather than a determination on the merits."

Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)). In addition, a

"conclusive presumption" that the state court decision "rest[s] on the merits of the federal claim"

applies to decisions "fairly appearing to rest primarily on federal law or to be interwoven with

federal law, . . . [a]bsent a clear and express statement of reliance on a state procedural bar."

Jimenez v. Walker, No. 03-PR-2980, 2006 WL 2129338, at *12 (2d Cir. July 31, 2006) (holding

that presumption of Harris v. Reed, 489 U.S. 255, 262-63 (1989), applies equally to both

AEDPA-deference and procedural-bar determinations).

II. Exhaustion of State Remedies

In general, petitioner must exhaust available state remedies before seeking federal habeas

relief. See 28 U.S.C. § 2254(b)(1) (A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842

(1999); Picard v. Connor, 404 U.S. 270, 275-76 (1971); Daye v. Attorney General, 696 F.2d 186,

190 (2d Cir. 1982) (en banc). "This exhaustion requirement is ... grounded in principles of

5

comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." Daye, 696 F.2d at 191. Pursuant to AEDPA, a district court may now, in its discretion, deny on the merits habeas petitions containing unexhausted claims–so-called "mixed petitions." See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."); see also Pratt v. Greiner, 306 F.3d 1190, 1197 (2d Cir. 2002) (recognizing that the district court may deny on the merits unexhausted habeas claims). "The law is unsettled in the Second Circuit regarding the proper response to habeas petitions containing unexhausted claims. A majority of district courts in the Second Circuit dismiss unexhausted claims that are 'patently frivolous.'" Wheeler v. Phillips, No. 05 Civ. 4399, 2006 WL 2357973, at *5 (E.D.N.Y. Aug. 15, 2006); see also Wilson v. Goord, No. 00 Civ. 4849, 2004 WL 226149, at *3 (S.D.N.Y. Feb. 6, 2004); Naranjo v. Filion, No. 02 Civ. 5449, 2003 WL 1900867, at *8 (S.D.N.Y. Apr. 16, 2003).

Exhaustion of a federal constitutional claim in state court does not invariably require citation of "book and verse on the federal constitution." Picard, 404 U.S. at 278 (internal quotation marks omitted). A claim may be presented for habeas review even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his claim before the state court, relied on pertinent federal cases employing constitutional analysis, relied on state cases employing constitutional analysis in like fact situations, asserted his claims in terms so particular as to call to mind specific rights protected by the constitution, or alleged a

pattern of facts well within mainstream of constitutional litigation. See Daye, 696 F.2d 186 (2d Cir. 1982).

In this case, petitioner fairly presented to the state court his claim that he was denied his right to an effective summation. As indicated in his brief to the Appellate Division, petitioner presented to the state courts key facts and legal claims alleging violations of his constitutional rights, citing pertinent federal and state cases containing relevant constitutional analysis and presenting his claim in specific enough terms to "call to mind" the particular constitutional right on which he bases his federal application. Thus, petitioner's effective summation claim has been exhausted and is properly before this court.

Petitioner's ineffective assistance of counsel claim is partially exhausted and partially unexhausted. Petitioner fairly presented to the state courts his subclaims that counsel was ineffective for failing to move for removal to Family Court and for generally performing deficiently. As indicated in his 440 motion, petitioner presented to the state courts key facts and legal claims alleging violations of his constitutional right to effective assistance of counsel, using specific enough terms to "call to mind" the particular constitutional right on which he bases his federal application. Thus, these two subclaims of petitioner's ineffective assistance of counsel claim have been exhausted and are properly before this court.

However, petitioner's ineffective assistance of counsel subclaims based on counsel's failure to pursue a defense of lack of responsibility and counsel's failure to argue against the consecutive nature of petitioner's sentence were never fairly presented to the state courts. These specific subclaims are absent from petitioner's brief to the Appellate Division, petitioner's letter applying for leave to appeal to the Court of Appeals, petitioner's 440 motion, and petitioner's

application for leave to appeal the 440 decision. Therefore, petitioner has not satisfied the exhaustion requirement with respect to these particular subclaims. Nevertheless, since these claims are "patently frivolous," the court will consider these unexhausted claims so as to dismiss them.

## PETITIONER'S CLAIMS

I. *Ineffective Assistance of Counsel*

Petitioner raises four bases for his claim that he was denied effective assistance of trial counsel: (a) counsel failed to move for removal to Family Court; (b) counsel's performance was deficient; (c) counsel failed to pursue a defense of lack of responsibility; and (d) counsel failed to argue that consecutive sentences were illegal.

(a) Family Court Motion Claim is Procedurally Barred

Petitioner claims he was denied effective assistance of trial counsel because counsel failed to move for removal of his case to Family Court pursuant to N.Y. Crim. Proc. Law § 210.43. The court may not review this claim because it is procedurally defaulted, and petitioner has failed to demonstrate either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claim.

"Federal courts may not review state court decisions that rest on an adequate and independent state procedural default unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice." Fama v. Commissioner of Correctional Services, 235 F.3d 804, 809 (2d Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989)). In order for federal review to be procedurally barred, the state court's reliance on state law must be "clear from the face of the opinion." Id. (internal quotation

8

marks and citation omitted). A state court decision constitutes a procedural default where the court stated that a claim was "not preserved for appellate review" before ruling "in any event" on the merits. Id. at 810 n.4.

Where a state court rules against a petitioner on procedural grounds, the petitioner faces a "procedural default" precluding federal habeas review. A procedural default may be excused by a federal court, however, if the petitioner demonstrates either cause for the default and actual prejudice from the alleged violation of federal law, or that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation marks and citations omitted).

Petitioner presented this Family Court ineffective assistance of counsel subclaim to the state court in his 440 motion. The state court held that petitioner "could have raised this claim on direct appeal, but unjustifiably failed to do so," denying petitioner's motion pursuant to N.Y. Crim. Proc. Law § 440.10[2][c]. The state court went on to state that "even if the court considers the defendant's claim, it is without merit." Under Fama, the state court's ruling constitutes a clear and unambiguous reliance on the procedural violation as a basis for its decision. See 235 F.3d at 810 n.4. The state court's alternative holding on the merits does not alter this conclusion.

9

See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989).

However, the procedural bar doctrine only precludes habeas review when the state procedural ground is firmly established and regularly followed by the state courts. See James v. Kentucky, 466 U.S. 341, 348-49 (1984). New York's requirement that defendants raise issues on direct appeal where "sufficient facts appear on the record of the proceeding underlying the judgment," N.Y. Crim. Proc. Law § 440.10[2][c], has been applied to ineffective assistance of counsel claims that are demonstrable without resort to matters outside the record. See Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003). As in Sweet, the alleged error that is the basis of petitioner's claim is evident from the trial record. Trial counsel plainly failed to move the court to remove the action to Family Court. Although petitioner has argued that this claim "was never part of the original record" and so was only viable on collateral review, (Reply Aff. 1), petitioner has offered no reason "suggesting that appellate counsel would have needed a new evidentiary hearing to develop this claim." Sweet, 353 F.3d at 140; see also Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001); Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) ("Denial of a 440.10 motion, pursuant to 440.10(2)(c), will not always be appropriate in the ineffective assistance context. However, Reyes's claim does not fall within any of the exceptions noted by the New York courts.")

Petitioner is thus procedurally barred from seeking federal habeas review on this claim unless he demonstrates either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claim. See Coleman, 501 U.S. at 750.

Petitioner has neither attempted to demonstrate cause for the default nor alleged that he is

10

"actually innocent." A petitioner establishes cause for a default when he shows that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Here, petitioner has made no such showing.[1] Moreover, petitioner has not established prejudice, which is also required to excuse procedural default. "To satisfy the prejudice prong, petitioner must show not merely a possibility of prejudice, but that the alleged error worked to his actual and substantial disadvantage." Capiello v. Hoke, 698 F. Supp. 1042, 1052 (E.D.N.Y. 1988) (internal quotation marks and citation omitted).

Here, petitioner is unable to show even a possibility of prejudice in light of the fact that, as the state court noted in denying petitioner's 440 motion, a motion for removal would have appeared to trial counsel to be a futile exercise since the district attorney's consent was required under N.Y. Crim. Proc. Law § 210.43[1][b].

Second, petitioner has not argued that failure to hear his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Supreme Court has stated that a miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner has not presented any new evidence and, "[t]o be credible," a claim of actual innocence must be based on "new reliable evidence . . . that was not presented at trial."

---

[1] A claim of ineffective assistance of counsel may establish cause for a procedural default, but only if that claim of ineffective assistance has itself been exhausted in state court. See Murray v. Carrier, 477 U.S. 478, 488 (1986). However, petitioner has never claimed in state court that appellate counsel was ineffective for failing to raise on appeal trial counsel's ineffective assistance for failing to move for removal to Family Court. Thus, any such claim is not exhausted and may not be considered as cause for the procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

11

Schlup v. Delo, 513 U.S. 298, 324 (1995). Nor has petitioner demonstrated a miscarriage of justice by pointing to errors that call into question the validity of the trial itself, such as violation of the right against double jeopardy. See Washington v. James, 996 F.2d 1442, 1450 (2d Cir.1993).

Since petitioner cannot show cause for the procedural default and resulting prejudice, nor can he show that a miscarriage of justice would result from the failure to consider the defaulted issue, the claim is procedurally barred and cannot be reviewed. Accordingly, petitioner's claim that he was denied effective assistance of counsel based on his counsel's failure to move to remove his case to Family Court shall be dismissed without reaching the merits.

(b) Deficient Performance Claim is Without Merit

Petitioner claims he was denied effective assistance of counsel based on counsel's deficient performance throughout the representation. Petitioner fairly presented this claim to the state courts in his 440 motion (Aff. in Supp. of Mot. ¶¶ 16, 18, 20, 21.) This claim is therefore exhausted. The state court denied petitioner's 440 motion, although its analysis centered on petitioner's procedural default of his Family Court claim. However, the 440 court went on to address the merits of petitioner's motion and in doing so stated, "In addition, defendant has failed to show the absence of a tactical or other legitimate explanation for the alleged errors of counsel." Because the 440 court spoke of "alleged errors" in the plural and denied petitioner's 440 motion in its entirety, this court is satisfied that the state court denied petitioner's claim based on deficient performance by counsel on the merits. See Jimenez v. Walker, No. 03-PR-2980, 2006 WL 2129338, at *12 (2d Cir. July 31, 2006) (holding that state court decisions fairly appearing to be interwoven with federal law and not relying on a state procedural bar are

12

presumed "to rest on the merits of the federal claim . . . and must be afforded AEDPA deference as adjudications 'on the merits'").

Because this constitutes an "adjudication on the merits," the court can grant habeas relief under 28 U.S.C. § 2254(d) only if the state court's determination is either "contrary to" or "an unreasonable application of" Supreme Court precedent.

A petitioner seeking to attack his conviction based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-89, 693-95 (1984).

In analyzing a claim that counsel's performance fell short of constitutional standards, the court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). As explained by the Supreme Court,

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.

466 U.S. at 690-91. Moreover, "[i]n assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices.'" Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690). Thus, a petitioner cannot prevail on a claim of ineffective assistance merely

because he disagrees with his counsel's strategy. See Strickland, 466 U.S. at 689.

Petitioner argued in his 440 motion that he was denied effective assistance of counsel because counsel was inadequately prepared for trial and "unfamiliar with either the facts or the law bearing on the defendant's case." (Aff. in Supp. of Mot. ¶¶ 16, 18, 20, 21.) Before this court, petitioner repeats his conclusory allegations that trial counsel's performance was deficient. (Pet. 6.)

Allegations with regard to pre-trial preparation and trial advocacy that "are vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source . . . do not permit the [c]ourt to conclude that the charged errors reflect performance falling below an objective standard of reasonableness or that but for the errors the result would have been different." Vasquez v. United States, No. 96 Civ. 2104, 1996 WL 694439, at *7 (S.D.N.Y. Dec.3, 1996) (denying a § 2255 petition), opinion clarified by 1997 WL 148812 (S.D.N.Y. Mar. 28, 1997); see also Mallet v. Miller, 432 F. Supp. 2d 366, 388 (S.D.N.Y. 2006) ("A claim of ineffective assistance cannot be supported by conclusory assertions alone."); Slevin v. United States, 98 Civ. 0904, 1999 WL 549010 at *5 (S.D.N.Y. July 28, 1999) (denying § 2255 petition where conclusory allegations of lack of preparation fail to establish prejudice). Therefore, petitioner has failed to establish that counsel's performance was constitutionally deficient or that he suffered prejudice as a result. Applying AEDPA's deferential standard of review, the court concludes that habeas relief is not warranted on this claim.

(c) Failure to Pursue a Defense Claim is Unexhausted but Patently Frivolous

Petitioner's next basis for arguing that he was denied effective assistance of counsel is

that counsel failed to pursue a defense of lack of responsibility. (Pet. 6.) Petitioner's claim appears to rest on N.Y. Penal Law § 30.00[3] ("In any prosecution for an offense, lack of criminal responsibility by reason of infancy, as defined in this section, is a defense.").

Although petitioner complained to the state courts generally of counsel's ineffective assistance, see above, petitioner did not fairly present this specific claim and so it is unexhausted. Nonetheless, since the claim is patently frivolous, the court may address it so as to dismiss it. See, e.g., Wheeler v. Phillips, No. 05 Civ. 4399, 2006 WL 2357973, at *5 (E.D.N.Y. Aug. 15, 2006); Wilson v. Goord, No. 00 Civ. 4849, 2004 WL 226149, at *3 (S.D.N.Y. Feb. 6, 2004); Naranjo v. Filion, No. 02 Civ. 5449, 2003 WL 1900867, at *8 (S.D.N.Y. Apr. 16, 2003).

A claim of ineffective assistance of counsel cannot be based on "the failure to make a meritless argument." United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.1995) (denying ineffective assistance claim in part because motions not pursued by counsel lacked merit); see also Sanchez v. United States, No. 04 Civ. 1827, 2005 WL 1005159, at *3 (S.D.N.Y. Apr. 30, 2005) ("[F]ailure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant."); James v. Artus, No. 03 Civ. 7612, 2005 WL 859245, at *16 (S.D.N.Y. Apr. 15, 2005) ("[C]ounsel cannot be ineffective for failing to raise a meritless claim." ); Carbajal v. United States, No. 99 Civ. 1916, 2004 WL 2283658, at *6 (S.D.N.Y. Oct. 8, 2004) ("[C]ounsel did not render ineffective assistance by failing to raise this meritless claim.").

The argument that petitioner wishes counsel had made is without merit. Under N.Y. Penal Law § 30.00, a fifteen year old–petitioner's age at the time of the crime–"is criminally responsible for acts constituting murder in the second degree as defined in . . . subdivision three

15

of [125.25] provided that the underlying crime for the murder charge is one for which such person is criminally responsible," and a fifteen year old "is criminally responsible for acts constituting the crimes defined in . . . 160.15 (robbery in the first degree)." N.Y. Penal Law § 30.00[2]. Petitioner's counsel can not be faulted for failing to argue that under New York law petitioner was too young to be held criminally responsible for the crimes charged. Therefore, petitioner's claim that he was denied effective assistance of counsel based on counsel's failure to pursue a defense of lack of responsibility is patently frivolous. The claim is denied on its merits.

(d) <u>Failure to Argue Against Consecutive Sentence is Unexhausted but Patently Frivolous</u>

Petitioner's next basis for arguing that he was denied effective assistance of counsel is that counsel failed to argue against the imposition of consecutive sentences. (Pet. 6.) Although petitioner complained to the state courts generally of counsel's ineffective assistance, <u>see above</u>, petitioner did not fairly present this specific claim and so it is unexhausted. Nonetheless, since the claim is patently frivolous, the court may address it so as to dismiss it.

New York Penal Law § 70.25(2) bars the imposition of consecutive sentences "on a person for two or more offenses committed through a single act or omission." Thus, a defendant may not be sentenced consecutively for felony murder and the conduct constituting the underlying felony. <u>See, e.g.</u>, <u>People v. Riley</u>, 309 A.D.2d 879, 765 N.Y.S.2d 890 (2d Dep't 2003); <u>People v. Benitez</u>, 281 A.D.2d 487, 721 N.Y.S.2d 792 (2d Dep't 2001); 34 N.Y. Jur. 2d Criminal Law § 2855. However, consecutive sentences are permissible where separate acts injure separate victims even though they "may be said to have occurred in the course of a single extended transaction–the robbery." <u>People v. Brathwaite</u>, 63 N.Y.2d 839, 843 (N.Y. 1984). In this case, the court's charge to the jury specified that the robbery of Jappa served as the predicate

for the felony murder charge for Jappa's death, whereas the robbery of Boyce formed the separate robbery charge. (Tr. 984-85.) Cf. People v. Parks, 95 N.Y.2d 811, 734 N.E.2d 741 (N.Y. 2000) (sentences must run concurrently if no specification as to which robbery served as predicate for felony murder). Under New York law, therefore, consecutive sentences are permissible in this case.

At the sentencing hearing, petitioner's counsel did argue for leniency although he did not argue specifically against consecutive sentences nor that consecutive sentences would be illegal in this case. (Sentencing Tr. 6-8.) Nonetheless, counsel's failure to make this meritless argument cannot support an ineffective assistance of counsel claim. Therefore, petitioner's claim that he was denied effective assistance of counsel based on counsel's failure to argue that a consecutive sentence was illegal is patently frivolous. The claim is denied on its merits.

II. *Denial of Right to Effective Summation*

Petitioner also argues that he was denied his right to an effective summation and a fair trial. (Pet. 4-5.) On direct appeal, petitioner similarly claimed that the trial court unconstitutionally precluded defense counsel from arguing in summation that Jappa's murder was independent of the robbery. (Appellant Br. 7-12.) The Appellate Division rejected petitioner's appeal, stating that "the trial court did not prospectively preclude the defense counsel from arguing on summation that the victim was killed for reasons unrelated to the robbery." Jones, 766 N.Y.S.2d 87. The Appellate Division stated that "[a]lthough this theory did not derive from the evidence adduced at trial, the defense counsel, in fact, argued it anyway." Id. (citation omitted). This constituted a determination by the Appellate Division that any error in the trial court's limitation on the defense's summation was harmless. Because this constitutes an

17

"adjudication on the merits," it is entitled to deference under AEDPA. "When the state court concludes that any error was or would be harmless, that finding is subject to the same standard of deference as is any other legal conclusion." Howard v. Walker, 406 F.3d 114, 123 (2d Cir. 2005). In this case, therefore, habeas relief is available only if the state court's determination was "objectively unreasonable." Id. (quoting Zappulla v. New York, 391 F.3d 462, 467 (2d Cir. 2004)). Because the state court's determination was not objectively unreasonable, petitioner is not entitled to habeas relief on this basis.

The right to present closing arguments is inherent in the constitutional guarantee of a fair trial. In Herring v. New York, 422 U.S. 853 (1975), the Supreme Court recognized the fundamental importance of summations in criminal trials, particularly for the defendant, for whom "closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt." Id. at 862. The Herring Court held that a New York statute limiting counsel's opportunity to make a summation of the evidence denied defendant his Sixth Amendment right to effective assistance of counsel. Similarly, New York courts have held that "[t]he right of the defense to make an effective closing argument is substantially impaired when counsel is unjustifiably limited or repeatedly interrupted while making appropriate comment on matters of evidence adduced at trial." People v. Reina, 94 A.D.2d 727, 728, 462 N.Y.S.2d 264, (2d Dep't 1983). However, under Herring, trial courts are "given great latitude in . . . limiting the scope of closing summations." 422 U.S. at 862; see also People v. Romano, 301 A.D.2d 666, 667 (2d Dep't 2003) ("[T]he Supreme Court may limit summation to matters of evidence properly adduced at the trial."). "Allegations that the court improperly limited a summation are subject to harmless error analysis." Crispino v. Allard, 378 F. Supp. 2d 393, 410

18

(S.D.N.Y. 2005).

At the charging conference, the trial court ruled that defense counsel "may argue no robbery occurred, or a robbery occurred that his client did not participate in." (Tr. 900; Tr. 899.) The court ruled, however, that defense counsel could not argue "that, although his client may have participated in a robbery, the murder was independent and not in furtherance of and not in immediate flight from there." (Tr. 902.) Petitioner now argues that he was denied his right to an effective summation and a fair trial because "the court ordered defense counsel not to argue that the death was not in furtherance of the robbery." (Pet. 4-5.)

The Appellate Division's determination that petitioner's counsel actually argued "that the victim was killed for reasons unrelated to the robbery," 766 N.Y.S.2d 87, was not objectively unreasonable. In his summation, petitioner's counsel repeatedly argued that Washington's shooting of Jappa was independent of any robbery. Counsel argued:

> I'll discuss with you why this was not a robbery, why Willie Jones is not guilty of felony murder, why this was a killing, a cold-blooded killing of David Jappa by Donald Washington that had nothing to do with the robbery. (Tr. 911.)
> [I]t wasn't a robbery that went terribly wrong. It was a killing. It was a killing of David Jappa by Donald Washington. . . .
> I submit we don't know why Donald Washington killed David Jappa. But it's pretty clear that the prosecution's version that this was a robbery that went terribly wrong cannot be supported . . . . (Tr. 921; see also Tr. 938-939.)
> [Washington] lets one guy go away, and he tells the other guy, "I don't care what you have on you." Because I'm not robbing you, I'm killing you. (Tr. 927-928.)
> [Washington] wasn't there to rob him. He was there to kill him. This wasn't a robbery at all. This is a killing, plain and simple. (Tr. 932.)
> Donald Washington killed David Jappa, and that's a horrible, horrible thing. But I submit he didn't do it during a robbery. He didn't do it during a robbery that Willie Jones was

19

involved in. (Tr. 933.)

In addition, the trial court subsequently charged the jury that the prosecution had the burden of proving beyond a reasonable doubt that Jappa's death was "in the course of and in furtherance of the commission of such robbery or of the immediate flight therefrom." (Tr. 984.) And in response to the jury's request, the court repeated the definition of second-degree murder, noting the "in the course of or in furtherance of" element. (Tr. 1005-1007.) The only thing the court's ruling precluded defense counsel from doing was arguing that his client was guilty of the underlying robbery. This review of the record indicates that the state court's determination that any error was harmless was not objectively unreasonable. Therefore, habeas relief is not warranted on this basis.

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: August 31, 2006
        Brooklyn, New York

<u>**Service List**</u>:

**_Pro Se_ Petitioner:**
Willie Jones
04A2876
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

**Respondent's Attorney:**
Victor Barall
Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201